UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                     Case No: 8:21-cr-377-KKM-AEP

ALVARO MONTERO-MONSAVLO,
    a/k/a "Papa"

    Defendant.
_____

## ORDER

Alvaro Montero-Monsalvo again moves to dismiss his indictment for violations of the Maritime Drug Law Enforcement Act (MDLEA). 46 U.S.C. §§ 70503(a)(1), 70506(b); Indictment (Doc. 1); 2d Mot. to Dismiss (Doc. 55) (2d MTD). I ordered the United States to respond to his motion. (Doc. 56.) It has done so. Resp. to 2d MTD (Doc. 59) (Resp.). For the reasons below, Montero-Monsalvo's motion is denied.

The order denying Montero-Monsalvo's first motion to dismiss sets out this case's factual background. (Doc. 50.) In his new motion, Montero-Monsalvo starts by renewing the arguments that he made in his earlier motion. 2d MTD at 2. Those arguments lack merit for the same reasons given in the prior order rejecting them. (Doc. 50.)

Montero-Monsalvo also raises new challenges to the indictment. First, he contends that the United States lacked jurisdiction to prosecute him under the MDLEA even though the *Maria Purisima*'s captain asserted Venezuelan nationality and the Government of Venezuela granted the United States permission to board the vessel to enforce United States law. 2d MTD at 2. Second, he maintains that "the United States Coast Guard does not have authority to inquire of the Captain or crew as to the registry of a vessel purportedly on the high seas." *Id.* In support of both arguments, Montero-Monsalvo purports to incorporate by reference the arguments made in two cases pending before the Eleventh Circuit, *United States v. Lemus,* No. 22-13554, and *United States v. Canario-Vilomar*, No. 22-12077. *Id.* at 3.

Putting aside Montero-Monsalvo's failure to comply with the Local Rules, his arguments lack merit. *See* Local Rule 3.01(f) ("A motion, other legal memorandum, or brief may not incorporate by reference all or part of any other motion, legal memorandum, or brief."). First, neither pending appeal that he cites is relevant to either of his arguments. Both involve the MDLEA, but neither raises any challenges about an exercise of United States jurisdiction over a vessel with a foreign government's consent, *see* 46 U.S.C. § 70502(c)(1)(C), or about the authority of Coast Guard officers to ask a vessel's crewmembers about the vessel's nationality, *see* Appellant's Br. at 5–6, *United States v. Lemus* (11th Cir. Feb. 7, 2023) (No. 22-13554) 2023 WL 1989230, at *5–6 (challenging

the assertion of MDLEA jurisdiction as to "vessel[s] without nationality" that are not stateless under international law); Appellant's Br. at 8–10, *United States v. Canario-Vilomar* (11th Cir. Nov. 18, 2022) (No. 22-12077) 2022 WL 17216262, at *8–10 (raising the same challenge as *Lemus* and challenging the application of the MDLEA to conduct in a nation's Exclusive Economic Zone). Second, he provides no other caselaw or reasoning in support of either of his arguments. *See* 2d MTD. He offers no reasons why the exercise of jurisdiction with the Government of Venezuela's consent somehow renders his prosecution unlawful or why a Coast Guard officer may not engage in routine "right-of-approach questioning" about a vessel's nationality. *United States v. Hurtado*, 89 F.4th 881, 893 (11th Cir. 2023) (explaining that international law governing the high seas allows for "right-of-approach questioning" to enable "nations to identify the pariahs of the sea," vessels navigating the high seas without any national affiliation). As he offers no arguments in support of his motion, it cannot succeed.

Accordingly, Montero-Monsalvo's motion to dismiss (Doc. 55) is **DENIED**.

**ORDERED** in Tampa, Florida, on December 9, 2024.

*[signature: Kathryn Kimball Mizelle]*
Kathryn Kimball Mizelle
United States District Judge

3